**UNITED STATES of America,**
**Plaintiff,**

v.

**William P. Thompson et al., Plaintiffs-Intervenors,**

**Patsie Primm, as next friend of Bobbie Lewis Knight, et al., Plaintiffs-Intervenors-Appellants,**

v.

**WILCOX COUNTY BOARD OF EDUCA-TION et al., Defendants-Appellees.**

**No. 71–3018.**

United States Court of Appeals,
Fifth Circuit.

Jan. 10, 1972.

States v. Hinds County School Board, 433 F.2d 611, 618–619 (5th Cir. 1970).

A. J. Cooper, Jr., Mobile, Ala., Norman Chachkin, New York City, for appellants.

W. McLean Pitts, Selma, Ala., Peter A. Hall, Birmingham, Ala., for appellees.

Charles S. White-Spunner, Jr., U. S. Atty., Mobile, Ala., Ted Ravas, David L. Norman, Asst. Attys. Gen., Brian K. Landsberg, Edward S. Christenbury, Theodore E. Ravas, Jr., Attys., Dept. of Justice, Washington, D. C., for other interested parties.

Before THORNBERRY, MORGAN and CLARK, Circuit Judges.

**BY THE COURT:**

■ Pursuant to the provisions of 28 U.S.C.A. § 2106, this cause is remanded to the district court with directions to forthwith order the defendants to act now to desegregate the faculties and other staff of this entire school district in accordance with the requirements expressed in Singleton v. Jackson Municipal Separate School District, 419 F.2d 1211 (5th Cir. 1970); to institute and implement systemwide procedures for majority to minority transfer of students and parent notification thereof as approved in Ellis v. Board of Public Instruction of Orange County, Florida, 423 F.2d 203 (5th Cir. 1970); to reexamine and, if necessary, reconstitute its transportation system in accordance with the requirements of *Singleton, supra;* to adopt policies covering school construction and site selection and transfers of students into or out of the district in accordance with the requirements of *Singleton, supra;* and to prepare and file with the district court semi-annual reports similar to those required in United

■ The district court is directed to hold a hearing as promptly as possible after the receipt of the mandate of this court to determine (a) whether the maintenance of buildings and the distribution of equipment within this school system has been and is being conducted on a racially non-discriminatory basis, (b) whether students have been expelled or suspended or denied grades or textbooks or otherwise distinctively treated on account of race or color or because of their exercise of any rights conferred by prior orders of the court below, (c) whether faculty members or staff employees of the school system have been discriminated against as to discharge or hiring practices on account of race or color, and (d) the actual pupil racial results by school and grade of the implementation of the plan approved by the district court's order of September 1, 1971, and the projected enrollment by race, by school and grade, in the Pine Apple, Camden and Pine Hills areas of the district, if the plan proposed by the United States Office of Education were now implemented.

The district court is directed to supplement the record now before this court with findings of fact and conclusions of law as to each of the matters required to be heard in the paragraph next above as promptly after the conclusion of its hearing as can be expediently accomplished. If, as a result of such hearing, the court should determine that any provision in its prior decree not already directed to be modified by the first paragraph of this order, should, in its discretion, be amended or revised, then such revision or amendment may be implemented immediately and a copy of such revised order shall be included in the supplementary material furnished to this court.